UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T.B., b/n/f Debbra B., | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| Bryan Independent School District | § | |
| | § | |
| and | § | Civil Action No. H-07-00168 |
| | § | |
| Shirley Neeley, Commissioner of Texas Education Agency, as the State Education Agency for the State of Texas, in her official capacity, | § | |
| | § | |
|     *Defendants*. | § | |

**Memorandum and Order**

Before the court is defendant Shirley Neeley's[1] motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Dkt. 14. After considering the motion and the applicable law, the court concludes that the defendant's motion should be DENIED.

---

[1] Shirley Neeley, in her official capacity as the Commissioner of the TEA, was the only state defendant named by the plaintiff in his original petition. *See* Dkt. 1, Ex. 1 at 5. Nevertheless, in her motion to dismiss, Neeley claims that plaintiff filed the complaint against the Commissioner *and* the TEA as a separate defendant. Dkt. 14 at 1 (stating that the motion was filed by *defendants* TEA and Shirley Neeley, in her official capacity). This error, though, is a distinction without a difference, because a suit against a party in her official capacity is actually a suit against the agency and ultimately the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). Thus, the court's references to Neeley (in her official capacity) in this order are necessarily equivalent to references to the TEA, the real party in interest.

I.  **BACKGROUND**

Plaintiff Timothy B. ("T.B.") filed a complaint against the Bryan Independent School District ("BISD") and Shirley Neeley ("Neeley"), in her official capacity as Commissioner of the TEA, alleging violations of the Individuals with Disabilities Education Act ("IDEA"). Dkt. 1, Ex. 1 at 5. The case began when the plaintiff, through his parents, filed for a due process hearing with the TEA. The complaint filed with the TEA included claims alleging: 1) failure to refer T.B. for appropriate and timely educational and psychological assessments, 2) failure to identify T.B. as a student with a disability under the IDEA, 3) failure to conduct a functional behavior assessment, 4) failure to develop an appropriate behavior intervention plan, 5) failure to develop an appropriate Individualized Education Plan ("IEP"), 6) failure to provide appropriate related educational services, and 7) failure to respond to T.B.'s other disabilities. *Id*. at 17-18. The plaintiff sought relief from the hearing board to properly address T.B.'s educational needs resulting from his independent diagnosis of Attention Deficit Hyperactivity Disorder ("ADHD") and Irlen's syndrome. The BISD denied that T.B. should be in special education services and argued that the evaluations performed on T.B. show that he does not have an education need that would trigger the protections of the IDEA. *Id*. at 18. The TEA received the plaintiff's request and assigned an independent hearing examiner to hear the claims.

After reviewing the parties' arguments, the hearing examiner determined that he did not have authority to determine issues 3, 4, 5, and 6. *Id*. at 29. He based this determination on the language of the controlling statute, 20 U.S.C. § 1414, that grants the authority to determine if a student is eligible for special education to an IEP determination team. *Id*. The hearing examiner went on to find that BISD failed to refer T.B. for appropriate and timely educational and psychological

assessments needed to determine his eligibility for special education. *Id*. at 31. An order was filed compelling the BISD to perform the assessments and subsequently convene an IEP team to determine T.B.'s eligibility for special education. *Id*. at 32.

The plaintiff disagreed with the findings of the independent examiner and filed this appeal for judicial review. In the appeal, the plaintiff claims that the hearing examiner ignored the law and facts and made an arbitrary decision based on the evidence presented. *Id*. at 13. Further, the plaintiff claims that the hearing examiner erred as a matter of law in determining that he did not have authority to decide several of the plaintiff's claims at the independent hearing. *Id*.

Upon appeal to this court, the plaintiff joined TEA Commissioner Shirley Neeley, in her official capacity. She has filed the motion to dismiss based on FED. R. CIV. P. 12(b)(6) claiming that the plaintiff has failed to state a viable claim against the TEA, and that the plaintiff lacks standing to bring this suit.

**II.    APPLICABLE LAW**

*A.      Motion to Dismiss Standard*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Two primary principles guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, the court should grant a motion under Rule 12(b)(6) only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Second, the court must accept all well-pleaded facts as true and view them in

the light most favorable to the nonmovant. *See Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

B.     Failure to State a Claim

Defendant Neeley first argues that the TEA may not be held liable for the alleged transgressions of the local education agency, which in this case is the BISD. In this regard, Neeley points out that the theory of respondeat superior has been rejected for the relationship between the local agency and the state agency. Finally, she argues that because the independent examiner is not an employee of the TEA, derivative liability does not exist for the independent examiner's actions.

The IDEA, § 1415(i)(2) allows a district court to "grant such relief as [it] determines is appropriate." 20 U.S.C. § 1415(i)(2) (2006). The language of the statute does not limit the agency against which the relief may be granted. *St. Tammany Parish Sch. Bd. v. Louisiana*, 142 F.3d 776, 783-84 (5th Cir. 1998) ("[T]here is nothing in either the language or the structure of the IDEA that limits the district court's authority to award [relief] against the [state education agency], the [local education agency], or both in any particular case."). In this respect, the statute establishes a multi-tiered structure, providing that the state agency has primary responsibility "for assuring that the requirements of [the IDEA] are carried out." 20 U.S.C. § 1412(a)(11). Requiring that the state agency have primary responsibility ensures a single line of responsibility for eligible children. *Gadsby by Gasdsby v. Grasmick*, 109 F.3d 940, 953 (4th Cir. 1997) (quoting S. REP. No. 94-168,

at 24 (1975)). Further, the state agency may be responsible if the local education agency is "unable to establish and maintain programs of free appropriate public education." 20 U.S.C. § 1413(g). This section has been interpreted to mean that once a local education agency is unable or unwilling to establish and maintain programs that comply with the IDEA, the state agency is responsible for providing the services. *St. Tammany Parish*, 142 F.3d at 784.

In considering the appropriate relief under the IDEA, the district court should consider all the relevant factors. *Florence County School Dist. Four v. Carter*, 510 U.S. 7, 16, 114 S. Ct. 361 (1993). Among others factors, the court may consider "the relative responsibility of each agency for the ultimate failure to provide a child with a free appropriate public education." *St. Tammany Parish*, 142 F.3d at 784-85 (quoting *Gadsby*, 109 F.3d at 955). In this respect, there may exist a case in which it would be unfair to hold one agency responsible over another. *Id*. at 785. It is within the discretion of the court to make this determination after a decision on the merits of the case. *Id*. at 785; *see also Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369, 105 S. Ct. 1996 (1985).

In this case, the plaintiff does not seek to hold the TEA liable under a theory of respondeat superior. Further, the TEA's potential liability does not arise from the relationship of the TEA with the independent hearing examiner. Instead, the plaintiff seeks to hold the TEA liable as the agency primarily responsible for the implementation of the IDEA in Texas. *See Tex. Advocates Supporting Kids with Disabilities v. Tex. Educ. Agency*, 112 S.W.3d 234, 236 (Tex. App.--Austin 2003, no pet. h.) (stating that the TEA is the agency with primary responsibility to carry out the implementation of the IDEA in Texas); *Robert T. v. Iowa Dep't of Educ.*, 258 F.3d 860, 865 (8th Cir. 2001) (rejecting the theory that a state agency may be held liable under a respondeat superior theory, but

imposing liability on the state agency due to its participation in the suit and role as the agency responsible for implementation of the IDEA); *Beard v. Taska*, 31 F.3d 942 (10th Cir. 1994) (holding that a state agency is ultimately responsible for the implementation and administration of the IDEA, but that monetary relief may not be obtained from the state agency when the plaintiff does not prevail and the state is not a party to the suit).

The motion to dismiss may only be granted if the plaintiff has failed to state a claim upon which relief may be granted. Since the responsible agency can only be determined after a hearing on the merits by the court, the plaintiff need only state a claim upon which relief may be granted against either party. The complaint alleges that the independent hearing examiner ignored the evidence and the law. Dkt. 1, Ex. 1 at 13. The complaint also alleges that the independent hearing examiner erred as a matter of law when he determined that he did not have the authority to rule upon several of the plaintiff's claims. *Id*. The plaintiff's statutory remedy for resolving these claims lies in an appeal to this court. 20 U.S.C. § 1415(i)(2) (2006). On appeal, the district court must review the record and grant appropriate relief. *Id*. Based on the facts presented in the pleadings and the statutory right to appeal to this court for independent review of the findings of the hearing examiner, the plaintiff has stated a claim upon which relief may be granted under the IDEA. Should the plaintiff prevail on the merits, the local education agency (the BISD), the state agency (the TEA), or both may be held liable. Therefore, Neeley, in her official capacity, cannot be dismissed from the suit for the plaintiff's failure to state a claim upon which relief may be granted.

C.     *Lack of Standing*

Neeley also argues that the plaintiff is without standing in this case. Neeley seems to focus on a lack of redressability by the court, claiming that relief could be obtained from the BISD. She

contends that any liability the TEA may bear for the plaintiff's claims does not arise until it is shown that the BISD is either unwilling or unable to provide effective relief for the plaintiff.

In determining whether a plaintiff has standing, the plaintiff must claim that he suffered 1) a personal injury, 2) fairly traceable to the defendant's actions that 3) is likely to be redressed by the court's ruling. *Kan. City S. Indus., Inc. v. ICC*, 902 F.2d 423, 429 (5th Cir. 1990). The personal injury must be distinct and palpable rather than theoretical or abstract. *Id*. There must be a nexus between the injury and the defendant's conduct, and redressability is concerned with the requested relief. *Id*.

### 1. Personal Injury

Plaintiff has alleged that he suffered harm in the form of a denial of a Free Appropriate Public Education ("FAPE") . Dkt. 1, Ex. 1 at 13. The Supreme Court has stated that the purpose of the IDEA is to provide "a free appropriate education which emphasizes special education and related services designed to meet . . . unique needs." *Burlington*, 471 U.S. at 369. T.B. alleges that the denial of a FAPE is unique, concrete, and particular due to his unique educational needs. Therefore, the injury is sufficiently distinct to qualify as a personal injury.

### 2. Causation

Neeley has cited several cases to support her claim that the plaintiffs lack standing due to a lack of causation. The first, *M.M. v. Bd. of Educ. of Waterville Cent. Sch. Dist.*, 963 F. Supp. 185, 189-90 (N.D.N.Y. 1997), found that the plaintiffs did not have standing to bring suit against the New York State Department of Education (DOE). The court based its decision on the fact that the plaintiff's cause of action against the DOE was grounded on allegations of improper intervention by the DOE in the plaintiff's procedural process. *Id*. The court found no basis for the allegations of

7

improper intervention, and as a result, held that the allegedly improper intervention neither caused the harm nor would be redressable by the court. *Id*.

In the second case cited by Neeley, *Yamen by Yamen v. Bd. of Educ. of Arlington Sch. Dist.*, 909 F. Supp. 207 (S.D.N.Y. 1996), the court dismissed the state as a defendant due to the plaintiff's lack of standing. In reaching this conclusion, the court focused on the plaintiff's allegations that the state was a responsible party due to a memorandum it had issued noting that the state would not pay for educational services at the private institute which the plaintiff was attending. *Id*. at 209. The court found that neither the initial independent review nor the appellate examiner's review relied on the memorandum in reaching its decision. *Id*. at 209-10. The court therefore found that the harm alleged by the plaintiff could not be traced to the state through the memorandum, and thus the plaintiff did not have standing to bring suit against the state. *Id*. at 210.

The authorities Neeley cites are distinguishable from the present case. Both cases alleged causes of action that lacked a connection with the state defendant. In *M.M.* the plaintiff complained of improper intervention by the DOE, and in *Yamen* the plaintiff complained of the effects of a state-issued memorandum on the procedural hearings. In both cases the courts found that the alleged harm was not causally linked to the actions of the state. In this case, the plaintiff claims that the failure to provide a FAPE, through the processes established in Texas by the TEA, caused his injury. Dkt. 1, Ex. 1 at 13. Plaintiff's alleged injury is ultimately traceable to the harm caused by the TEA due to its responsibility for the administration and enforcement of the IDEA in Texas. Dkt. 1, Ex. 1 at 6, 13. As a result, the court may find that the TEA caused the injury to T.B.

**3.    Redressability**

Unlike the causes of action alleged in *M.M.* and *Yamen*, which could not have been redressed

by the court even if the plaintiff had proven the allegations, the plaintiff's alleged injury may be redressed by this court. A finding that the plaintiff was denied a FAPE could result in liability for the TEA depending on the relief granted. If the court were to find for the plaintiff, the TEA could be responsible for providing the statutorily required education if the BISD is unable or unwilling to provide a FAPE. Further, judicial review is the appropriate remedy under the IDEA in this case. Therefore, the court may address the claims and any relief granted may redress the alleged harms. Since the requirements for standing are satisfied in this case, the plaintiff has proper standing to bring suit against Neeley, in her official capacity.

### D.     Ripeness

Lastly, Neeley argues, without citation to authority, that the plaintiff's claims are not ripe. Neeley claims that only upon proving that the BISD is either unwilling or unable to provide a FAPE can the TEA be held liable. Neeley's argument that plaintiff's claim is premature fails because the plaintiff does in fact have an immediate claim against the TEA based on the TEA's role as the administrator of the IDEA in Texas. Alternatively, the argument fails due to the language of the IDEA. Both the Eighth and Tenth Circuits have denied relief to plaintiffs based in part on the plaintiffs' failure to join the state agencies in the suit when seeking relief. The IDEA provides that certain forms of relief may only be obtained from an individual defendant if the plaintiff "prevails" against that defendant. For example, 20 U.S.C. § 1415(i)(3)(B) provides that lawyer's fees may be awarded to the prevailing party in a IDEA action. If the state agency is not joined in the suit, the plaintiff cannot "prevail" against the state and would be left without relief from the state if the court finds the state agency partially or wholly liable. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 121 S. Ct. 1835 (2001) (rejecting the "catalyst

theory" that allows for a recovery if the defendant alters his activity and holding that an actual change in the legal relationship of the parties is required in order to recover attorney's fees); *Robert T. v. Iowa Dep't of Educ.*, 258 F.3d 860, 865 (8th Cir. 2001) (noting that a plaintiff must prevail and that the state must be a party to the suit to obtain attorney's fees from the state); *Beard v. Taska*, 31 F.3d 942 (10th Cir. 1994) (holding that monetary relief may not be obtained from the state agency when the plaintiff does not prevail and the state is not a party to the suit).  Therefore, the plaintiff's claims against Neeley are ripe at the present time.

### III.  CONCLUSION

TEA Commissioner Shirley Neeley, in her official capacity, brought this motion to dismiss based on the plaintiff's failure to state a claim upon which relief may be granted.  The TEA is the agency primarily responsible for the administration and implementation of the IDEA in Texas.  Since the plaintiff has stated a claim upon which relief may be granted if the facts in the pleading are taken as true against the BISD, the TEA may be liable as well.  A determination of liability can only be reached after a consideration of the case on the merits.  Therefore, dismissal for failure to state a claim against the Neeley, in her official capacity, would not be appropriate until after the merits of the case have been determined.

Further, Neeley's argument that the plaintiff lacks standing is unavailing.  Due to the TEA's responsibility as the agency in charge of the IDEA in Texas, the plaintiff may trace any harm in not receiving a FAPE directly to the TEA.  Further, the court is entitled to grant any relief it deems appropriate after its review of the independent hearing examiner's conclusions.  Therefore, the plaintiff's claim is redressable by this court and the plaintiff has standing to bring suit in this court against Shirley Neeley in her official capacity.

Because the plaintiff has stated a claim upon which relief may be granted, the defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on March 22, 2007.

_____
Gray H. Miller
United States District Judge